JOHN S. McINTOSH AND JAMES P. PETERS, *Partners as McIntosh & Peters*, v. ARETHUSA T. CRANE.

No. 674.    (61 Pac. 331.)

1. EVIDENCE—*Incompetent Testimony—Prejudice to Substantial Rights.* In order for the admission of incompetent testimony to constitute reversible error, it must appear that such testimony could in some manner prejudicially affect the substantial rights of the aggrieved party.

2. ———— *Verdict on Conflicting Testimony—Review.* If a jury return a verdict against the clear weight of the testimony it is the duty of the trial court to set it aside and allow a new trial, but a reviewing court has no such prerogative. The findings of the jury upon oral conflicting testimony are conclusive upon a reviewing court if supported by competent evidence.

Error from Wyandotte court of common pleas; W. G. Holt, judge.   Opinion filed June 6, 1900.   Affirmed.

*Morse & Morse*, for plaintiff in error.

*McGrew, Watson & Watson*, for defendant in error.

The opinion of the court was delivered by

McElroy, J. :   This action was brought by Arethusa T. Crane against McIntosh & Peters, a copartnership, to recover $515.55, a balance due on an account for corn, feed and Kafir-corn sold by her to defendants, and delivered to defendants' cattle in the feed yard on her farm.   The defendants' answer contained (1) a general denial; (2) an admission that they purchased, at an agreed price, certain field and Kafir-corn, and a denial of the purchase of any other commodity, averring that plaintiff was at the time indebted to defendants in excess of the purchase ; and (3) an allegation of a mutual settlement of accounts and an agreement that plaintiff was indebted to them in the sum of $95.95, for which they prayed judgment.   The reply was a general denial.   A trial was had, which resulted in a verdict and judgment for plaintiff in the sum of $389.05.

There are but two questions presented by the record : That the court erred in the admission of testimony, and in overruling the motion for a new trial.

The grain, feed and roughness purchased were for use in feeding defendants' cattle upon the plaintiff's farm, and were by plaintiff delivered in the feed yards. In the trial of the action there was no controversy about the purchase, the amount, the price or delivery of the field corn.   The defendants conceded also that they purchased such indefinite quantity of Kafir-corn as should become necessary to feed as roughness.

The parties agree that defendants paid on account the sum of $540.70 before the action was commenced.

The court permitted the plaintiff to offer testimony tending to show the value of the Kafir-corn in the field; then to show how much by the load it was worth to haul and place the same in the feed yards. There was no contention but that the Kafir-corn was so delivered; its value as fixed by the plaintiff was disputed, and the defendants contend that there is no allegation in the petition to support a finding or judgment for work and labor performed. The petition specially alleges "that defendants requested this plaintiff to feed a large portion of this corn to defendants' cattle."

In the itemized account attached to the petition are these statements:

"To work and labor in hauling the seventeen loads with
    team and feeding same to cattle, at 75 cents......... $12 75
To work and labor, with man and team, in hauling out
    and feeding the eighty-five tons of Kafir-corn to the
    cattle, at 50 cents .................................    42 50."

The usual manner of proving the value of this property and services would be to show what the Kafir-corn was worth delivered in the feed lot. The allegations of the petition are sufficient to authorize the proof of the value of the feed delivered. We cannot conceive how defendants were prejudiced by the introduction of the testimony the other way; that is, by showing first the value of Kafir-corn in the field, and then by showing what the services were reasonably worth for hauling. It seems to be a difference without a distinction. The trial court committed no reversible error in this respect.

The plaintiffs in error, in their brief, say:

"But on the questions as to how much of the Kafir-corn was thus necessary to be used, how much was actually used, and what was the value thereof, as well

as on the question whether defendants had ever agreed to purchase anything but the field corn and a portion of the Kafir-corn, not only was there a decided conflict of testimony, but a merely superficial survey of the record will show that the verdict of the jury was squarely against the clear preponderance of the evidence. The important issue, in fact, as we claim, the only issue raised by the pleadings in the case, was whether the defendants had purchased or agreed to purchase of the plaintiff all of the feed on her farm, or merely the field corn and such Kafir-corn as could be fed with it. Everything hinged on the determination of this question of fact."

The record justifies this statement as to the contention of the parties. The only controversy in the trial court seems to have been as to whether McIntosh & Peters purchased of Crane all of the feed on her farm, or merely the field corn, with such Kafir-corn and stalk field as could be used to advantage. The testimony was oral and conflicting. The record indicates that the weight of the testimony was with defendants, plaintiffs in error, but the jury found otherwise. The verdict of the jury was approved by the trial court; was based on some competent evidence — this is conceded. The findings of a jury upon oral conflicting testimony are conclusive upon a reviewing court. If a jury return a verdict against the clear weight of the testimony, it is the duty of the trial court to set it aside and allow a new trial, but a reviewing court has no such prerogative — the finding is conclusive. This proposition is so well settled in this state that a citation of authority is unnecessary.

The judgment must be affirmed.